# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3191 | **DATE** | 2/28/2001 |
| **CASE TITLE** | EMPIRE INDEMNITY INSURANCE CO. vs. WILLIAM WRIGLEY JR. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Empire's motion for summary judgment is granted in favor of its First Amended Complaint for Declaratory judgment. Accordingly, Empire is under no obligation to indemnify Lee Trucking, Inc. for any settlement or judgment rendered in the Wrigley lawsuit in which Wrigley was awarded $191,159.51.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 01 2001 date docketed | | 12 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 FEB 28 PM 6:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EMPIRE INDEMNITY INSURANCE COMPANY, )
)
Plaintiff, )
) No. 00 C 3191
v. )
)
WILLIAM WRIGLEY, JR. COMPANY, ) Judge John W. Darrah
STANLEY TRANSPORTATION, INC., R.R. )
STANLEY TRUCKING COMPANY, AND )
LEE TRUCKING, INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Empire Indemnity Insurance Company (Empire), commenced a one-count declaratory judgment action seeking adjudication of the rights and responsibilities of all the parties with respect to an Empire insurance policy. Before this Court is Empire's Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence is viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence establishing the elements of his claim on which he bears the burden of proof at trial. *Miller*, 203 F.3d at 1003.

In the instant case, defendants have failed to file a response to Empire's Motion for Summary

Judgment. Therefore, all the material facts averred by Empire are deemed admitted because defendants failed to controvert such facts. See *Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). Although defendants failed to respond to Empire's Motion for Summary Judgment, the motion will only be granted if it demonstrates that there is no genuine issue of material fact and Empire is entitled to judgment as a matter of law. See *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Empire is a commercial inland, marine, and auto commercial liability and indemnity insurer. (Plaint.'s Statement of Facts ¶ 1). Effective November 1, 1996, Empire issued a policy, No. CL470364, of indemnity insurance to Lee Trucking of commercial inland marine, insurance coverage that provided insurance coverage to Lee Trucking for its business operations of transporting dry freight cargo via motor truck. (Id., at ¶ 2). The policy contained the following exclusion:

> We will not pay for a "loss" caused by or resulting from any of the following:
> . . .
> b. Dishonest acts by you, anyone else with an interest in the property, your or their employees or authorized representatives or anyone entrusted with the property, whether or not acting alone or in concert with other persons or occurring during the hours of employment.
> c. Voluntary parting with any property by you or anyone entrusted with the property is induced to do so by any fraudulent scheme, trick, device, or false pretense.
> d. Unauthorized instructions to transfer property to any person or to any place.
> e. Unexplained disappearance.
> (Empire Indemnity Insurance Policy EM 0808, p. 4)

In July of 1996, Stanley Transportation, Inc. and R.R. Stanley Trucking Company (Stanley) entered into a Motor Transportation Contract Carrier Agreement with William Wrigley, Jr. Company (Wrigley), wherein Stanley agreed to transport a shipment of Wrigley-owned chewing gum from

Fontana, California, to a Wrigley facility in Garland Texas. (Plaint.'s Statement of Facts ¶ 3). In November of 1996, Stanley subcontracted with Lee Trucking, Inc. (Lee) to transport a shipment of Wrigley-owned chewing gum from Fontana, California to the Wrigley facility in Garland, Texas. (Id., at ¶ 4). On November 22, 1996, Ronnie Duane Hicks, a/k/a Ronald Hicks (Hicks), an truck driver employed by Lee, loaded the shipment of Wrigley-owned chewing gum on a Lee truck and traveled to Texas. (Id., at ¶ 5). The Lee truck containing the shipment of Wrigley-owned chewing gum did not arrive in Garland, Texas. (Id., at ¶ 6).

On December 2, 1996, Hicks was arrested by agents of the Federal Bureau of Investigation while in possession of the Lee tractor trailer truck on which he had loaded and transported the Wrigley-owned chewing gum in Fontana, California. On July 8, 1997, Hicks entered a plea of guilty for theft of an interstate shipment. (Plaint.'s Statement of Facts ¶ 7). On August 18, 1998, Wrigley filed suit against Lee and Stanley seeking damages for the failure to deliver the shipment of chewing gum. (Id., at ¶ 8). Summary judgment was granted in favor of Wrigley and against Lee. (Id., at ¶ 9). Empire filed the present declaratory judgment action seeking a finding that the judgment entered in favor of Wrigley and against Lee in the underlying action was a result of the dishonest acts of Lee's employee, Hicks, and accordingly, Empire has no obligation to indemnify Lee for the judgment entered against it for Wrigley. (Id., at ¶ 10).

Empire first argues, citing applicable caselaw, that this Court should apply Texas law to the present action. Defendants have offered no authority or argument to the contrary.

Federal courts look to the choice-of-law rules of the forum state when exercising diversity jurisdiction. *West Suburban Bank of Darien v. Badger Mut. Ins. Co.*, 141 F.3d 720, 724 (7th Cir. 1998). Illinois law defers to the contractual choice-of-law provision if such is provided in the

3

contract. If the contract does not contain a choice-of-law provision, the Court reverts to the choice-of-law rules provided by Illinois common law. See *Diamond State Ins. Co v. Chester-Jensen Co.*, 243 Ill. App. 3d 471, 611 N.E.2d 1083, 1093 (1993) (*Diamond State*). Illinois applies the "most significant contacts test" to determine what state's substantive law applies to contract disputes. *Diamond State*, 611 N.E.2d at 1093. When insurance is at issue, the factors considered by the court include: (1) the location of the subject matter; (2) the place of delivery of the contract; (3) the domicile of the insured or of the insurer, (4) the place of the last act giving rise to a valid contract; and (5) the place of performance, or other place bearing a rational relationship to the general contract. *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill. 2d 520, 655 N.E.2d 842, 845 (1995).

Applying these principles to the instant case, Texas has the most significant contacts. Stanley Transportation and Stanley Trucking are both Texas corporations; the shipping contract was between Stanley and Wrigley, which has a facility in Texas; the shipping contract called for the chewing gum to be delivered to Texas, and the acts giving rise to the claim arose in Texas. The contacts with the other pertinent states are less significant than the Texas' contacts: California, Lee's place of incorporation; Illinois, Wrigley's place of incorporation; and Oklahoma, Empire's place of incorporation and the place of issuance of the issuance of the contract. Texas law therefore applies to the present action.

Under Texas law, the interpretation of an insurance contract requires the court to strive to give effect to the written expression of the parties' intent. *Dickson v. State Farm Lloyds*, 944 S.W.2d 666, 668 (1997) (*Dickson*). If an insurance policy is ambiguous despite the rules of interpretation, the court should construe the contract's language against the insurer in a manner that favors

4

coverage. The terms in an insurance policy are given their ordinary and generally accepted meaning unless there is an indication that the words were meant in a technical or different sense. *American Motorists Ins. Co. v. Occidental Chemical Corp.*, 16 S.W.3d 140, 145 (2000). Texas law also allows, and upholds, dishonesty exclusions in an insurance policy. See e.g., *Dickson*, 944 S.W.2d at 667-68; *St. Paul Ins. Co. v. Bonded Realty, Inc.*, 578 S.W.2d 191, 192 (1979).

The policy in the present case contained an exclusion clause that excluded coverage for loss caused by several "dishonest" acts by the insured, the insured's employees, or anyone else with an interest in the property. Empire argues that the loss of the chewing gum, due to Hicks theft of said gum, could fall into all four exemptions cited above. Hicks' theft of the gum would constitute a dishonest act that caused the loss under section (b) of the exemption. Hicks also voluntarily parted with the property under false pretenses to fall within section (c) of the exemption. Furthermore, the theft of the chewing gum was an unauthorized transfer of the property and could be considered an unexplained disappearance, as found in sections (d) and (e), respectively. The terms of the exclusion are not ambiguous, and the loss of the chewing gum falls within exclusions contained within the insurance policy.

Empire's Motion for Summary Judgment is granted in favor of its First Amended Complaint for Declaratory Judgment. Accordingly, Empire is under no obligation to indemnify Lee Trucking, Inc, for any settlement or judgment rendered in the Wrigley lawsuit in which Wrigley was awarded $191,159.51.

Dated: February 28, 2001

JOHN W. DARRAH
United States District Judge

5